**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Teena-Ann Sankoorikal

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1162
tsankoorikal@cov.com

**By Email and ECF**                                                                                   June 25, 2021

The Hon. Kenneth M. Karas
U.S. District Court, Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601
karasnysdchambers@nysd.uscourts.gov

> Re:  *Lee v. The Kingsford Products Company, LLC*, No. 7:21-cv-924-KMK

Dear Judge Karas:

In accordance with Rule II.A of your Individual Rules, Defendant Kingsford Products Company, LLC ("Kingsford") submits this letter respectfully requesting a pre-motion conference in anticipation of moving to dismiss the Complaint. As explained below, Plaintiff lacks standing to seek prospective relief and fails to state a claim on which relief can be granted.

**I.     BACKGROUND**

Kingsford makes charcoal briquets, blocks of wood charcoal and other substances commonly used for grilling. This case relates to one of its products, Kingsford 100% Natural Hardwood Briquets (the "Briquets"). Plaintiff Timothy Lee alleges that sometime in early 2020, he purchased a bag of Briquets at Home Depot and was deceived by the Briquets' packaging in three different ways. *First*, he alleges that the Briquets are not "100% Natural" because—as he admits is "typical[]" of briquets generally—they contain ingredients other than wood, such as borax and limestone. Compl. ¶¶ 9–13, 17–18. *Second*, he asserts that the Briquets are not "100% Natural Hardwood" because—as he admits has been true of briquets since their invention—they contain "wood scraps" and sawdust. *Id*. ¶¶ 8, 14, 19. *Third*, he takes issue with a logo on the package, which consists of a green flame over the text "cleaner burn*," the asterisk at the end of which refers to a disclaimer near the bottom of the bag that reads "compared to Kingsford Original Charcoal." *Id*. ¶¶ 19–22. Notwithstanding that disclaimer, Plaintiff alleges that the statement "cleaner burn" misleadingly implies that the Briquets are "beneficial, or less harmful to the environment, compared to other fire sources such as propane gas and lump charcoal." *Id*. ¶ 21. Based on these allegations, Plaintiff asserts six claims for relief; seeks certification of a class of New York purchasers of the Briquets; and requests, *inter alia*, compensatory and punitive damages, injunctive and declaratory relief, and attorneys' fees. *Id*. p. 14.

Plaintiff filed this action on February 2, 2021. As a result of Kingsford's operative waiver of service, Kingsford would have been required to file an answer or responsive pleading on or

COVINGTON

Re:  *Lee v. The Kingsford Products Company, LLC*, No. 7:21-cv-924-KMK
June 25, 2021
Page 2

before June 25, 2021, had it not filed this letter.  *See* Fed. R. Civ. P. 4(d)(3); Individual Rules of Practice of the Hon. Kenneth M. Karas § II.A.

## II.    DISCUSSION

Kingsford intends to move to dismiss the Complaint in full for lack of subject-matter jurisdiction and failure to state a claim.  Plaintiff does not allege that he faces a real or immediate threat of future injury from the packaging in question, so he lacks standing to seek injunctive or declaratory relief.  And insofar as Plaintiff seeks retrospective relief, he fails to state a plausible claim under any of the causes of action he has invoked.

### A.    Plaintiff Lacks Standing To Seek Declaratory or Injunctive Relief.

Plaintiff lacks standing to seek declaratory or injunctive relief because he has not adequately alleged that he faces a "real or immediate" threat of injury from the Briquets' packaging.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111–12 (1983)).  Even assuming that the allegations in the Complaint are sufficient at this early stage of the case to establish standing to seek damages, he alleges no facts suggesting that he faces future harm from Kingsford's challenged labeling practices.  *See Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020).  Plaintiff does not allege that he intends to buy the Briquets again, which is fatal to his claim.  Compl. ¶ 41.  He alleges only that he "may consider future purchases" if Kingsford changes how the Briquets are manufactured or labeled.  *Id.*  Courts in this District have correctly rejected such speculative allegations as insufficient to demonstrate standing.  *See, e.g.*, *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 465–66 (S.D.N.Y. 2020); *Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 564 (S.D.N.Y. 2016).  Indeed, even if Plaintiff were to purchase the Briquets again, it is hard to see how he could be deceived by their packaging, as he is aware of the aspects of the Briquets' composition and performance that he mistakenly claims renders their packaging misleading.  *See Berni*, 964 F.3d at 148.  The Court should dismiss the prayer for declaratory and injunctive relief for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).

### B.    Plaintiff Fails To State a Claim.

To the extent Plaintiff has standing to sue, all of his claims nevertheless fail, for the following reasons.

1.  *Plaintiff fails to allege that any of the challenged statements would likely mislead or deceive a reasonable customer.*  Plaintiff's claims are universally predicated on the theory that the Briquets' packaging is misleading, but Plaintiff fails to identify any aspect of the packaging that would materially mislead a reasonable consumer.  That failure is fatal to his claims for relief.  *See Goshen v. Mutual Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195 (N.Y. 2002) (New York General Business Law ("GBL") prohibits deceptive acts or practices that would be materially misleading to a reasonable consumer); *see also, e.g.*, *Wynn v. Topco Assocs., LLC*, No. 19-cv-11104 (RA), 2021 WL 168541, at *6 (S.D.N.Y. Jan. 19, 2021) (where plaintiff failed to state GBL claim based on misleading product labeling, the court would dismiss negligent misrepresentation, breach of warranty, fraud and unjust enrichment claims premised on the same theory).

COVINGTON

Re:  *Lee v. The Kingsford Products Company, LLC*, No. 7:21-cv-924-KMK
June 25, 2021
Page 3

- *"100% Natural"*:  Plaintiff alleges that the statement that the Briquets are "100% Natural" was misleading because the Briquets allegedly contain "synthetic materials such as borax." Compl. ¶ 18.  That conclusory allegation need not be credited on a motion to dismiss, especially in light of the fact that Plaintiff relies on an idiosyncratic misunderstanding of the word "natural," which excludes substances produced by most plants (starch) and various naturally occurring minerals (limestone, sodium nitrate, borax).  *See id.* ¶¶ 9–13.  No reasonable consumer would share that understanding.

- *"100% Natural Hardwood"*:  Plaintiff next alleges that the Briquets are not "100% Natural Hardwood" because they contain "wood scraps including . . . sawdust."  *Id.* ¶ 19.  In light of the formatting of the packaging, a reasonable consumer would understand "Natural" to modify "Briquets"—which appears in the same font size as "Natural"—rather than "Hardwood."  *See id.* ¶ 15 fig.  Even if a reasonable consumer understood "100% Natural" to modify "Hardwood," there is no possibility that such a consumer would understand this statement as representing that the Briquets do not include wood scraps or sawdust.  As the Complaint and the Briquets' packaging (incorporated by reference into the Complaint) make clear, charcoal briquets were invented as a way to reuse wood scraps left over from construction of the Ford Model T.[1]  It strains credulity to contend that those who have used briquets would think that each was somehow formed from a single piece of wood.  *See Red v. Kraft Foods, Inc.*, No. 10-cv-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (claim that cracker "made with real vegetables" was not misleading because "a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables").  Instead, any reasonable consumer would correctly understand "hardwood" to mean that the Briquets are produced using wood from certain trees (*e.g.*, oak and hickory), not as saying anything about the form in which that wood existed immediately before it was made into briquets.

- *"Cleaner Burn"*:  Finally, Plaintiff alleges that the Briquets' reference to their "cleaner burn" was misleading because Briquets supposedly produce more carbon dioxide than cooking with propane or lump charcoal.  Compl. ¶¶ 20–21.  The Briquets' packaging includes a disclaimer that makes clear what is meant by cleaner burn:  that the Briquets burn cleaner when "compared to Kingsford Original Charcoal," *id.* ¶ 22 & fig.  As a result, no *reasonable* consumer could be misled by this statement into thinking that the Briquets would burn cleaner than other heat sources, such as propane gas or lump charcoal.  *Cf. id.* ¶¶ 23, 73.  Nor is it plausible that any reasonable consumer of charcoal would understand "cleaner burn" to refer to carbon dioxide emissions, as opposed to (for example) the ashes remaining after cooking.

   2. *Plaintiff fails to plead reliance adequately*.  Plaintiff's New York-law claims for breach of warranty, negligent misrepresentation, and fraud have in common that a plaintiff must plead reliance.  *See Fin. Guar. Ins. Co. v. Putnam Adv. Co.*, 783 F.3d 395, 402 (2d Cir. 2015) (fraud);

---

[1] A higher-resolution image of the packaging is available at
https://www.homedepot.com/p/Kingsford-12-lbs-100-Natural-Hardwood-Charcoal-Briquettes-4460032273/307771547.

COVINGTON

Re: *Lee v. The Kingsford Products Company, LLC*, No. 7:21-cv-924-KMK
June 25, 2021
Page 4

*Tyman v. Pfizer, Inc.*, 2017 WL 6988936, at *14 (S.D.N.Y. Dec. 27, 2017) (negligent misrepresentation); *Avola v. La.-Pac. Corp.*, 991 F. Supp. 2d 381, 391 (E.D.N.Y. 2013) (breach of warranty). The Complaint's allegations that Plaintiff relied on the challenged statements when he purchased the Briquets "at least one time" sometime in the first seven months of 2020 are conclusory and thus insufficient to withstand a motion to dismiss. Moreover, it would have been unreasonable for Plaintiff to rely on any misunderstanding about the "cleaner burn" statement given the clear disclaimer on the product's packaging. *See, e.g.*, *Transnat'l Mgmt. Sys. II, LLC v. Carcione*, No. 14-cv-2151, 2016 WL 7077040, at *8 (S.D.N.Y. Dec. 5, 2016).

3. *Plaintiff's breach-of-warranty and Magnuson-Moss Warranty Act claims fail because he does not plead that he gave Kingsford notice of the alleged breaches.* To state a claim under New York law for breach of either express or implied warranty, a plaintiff must allege that he gave the defendant timely notice of the breach. *E.g.*, *Quinn v. Walgreens Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (citing N.Y. U.C.C. § 2-607(3)(a)) (express); *Campbell v. Whole Foods Mkt. Grp.*, No. 1:20-cv-1291 (GHW), 2021 WL 355405, at *13 (S.D.N.Y. Feb. 2, 2021) (implied). Plaintiff nowhere alleges that he notified Kingsford about any alleged breach of an express warranty. *Cf.* Compl. ¶¶ 70–78. Although Plaintiff alleges that he provided or will provide Kingsford notice of his implied-warranty claim, or that Kingsford should be on notice from other (unspecified) customers' (unspecified) complaints, *id.* ¶¶ 87–88, courts in this District have held that these precise allegations are insufficient to plead the notice element of breach of warranty claims under New York law. *See, e.g.*, *Colpitts v. Blue Diamond Growers*, No. 20-cv-2487 (JPC), 2021 WL 981455, at *16–17 (S.D.N.Y. Mar. 16, 2021); *Campbell*, 2021 WL 355405, at *12–13. Because Plaintiff fails to state a breach of warranty claim under state law, his Magnuson-Moss Warranty Act claim also fails. *See Garcia v. Chrysler Grp.*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015).

4. *Plaintiff's implied-warranty claim also fails because Plaintiff does not adequately plead that the Briquets were not merchantable or that he was in privity with Kingsford.* To state a claim for breach of the implied warranty of merchantability under New York law, a plaintiff must allege, among other things, that the product in question was not fit "for the ordinary purposes for which such goods are used" and that the plaintiff was in privity with the seller. *E.g.*, *Colpitts*, 2021 WL 981455, at *17. Plaintiff does neither. He has not pleaded that the Briquets were not fit for the ordinary purpose for which such items are used—burning to heat food—and thus has not pleaded that the Briquets were not merchantable. *See, e.g.*, *Budhani v. Monster Energy Co.*, No. 20-cv-1409 (LJL), 2021 WL 1104988, at *11 (S.D.N.Y. Mar. 22, 2021); *Silva v. Smucker Nat. Foods, Inc.*, No. 14-cv-6154 (JG), 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015). And he admits that he bought the Briquets from a third party rather than Kingsford, Compl. ¶ 37, and thus cannot establish that he was in privity with Kingsford. *See, e.g.*, *Budhani*, 2021 WL 1104988, at *11; *Colpitts*, 2021 WL 981455, at *18.

5. *Plaintiff's claim for negligent misrepresentation also fails because he has not alleged a "special relationship" with Kingsford.* To state a claim for negligent misrepresentation under New York law, Plaintiff must allege that Kingsford had a duty, as a result of a special relationship, to give him correct information. *See Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012). He pleads no facts suggesting that any such relationship exists. Nor could he. The ordinary relationship between a buyer and seller is not "special," *see, e.g.*, *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-CV-4697 (CM), 2016 WL 6459832, at *8 (S.D.N.Y. Oct. 26, 2016), and the

**COVINGTON**

Re: *Lee v. The Kingsford Products Company, LLC*, No. 7:21-cv-924-KMK
June 25, 2021
Page 5

attenuated relationship between a manufacturer and a party who buys a product from a third-party retailer is even more deficient, *see, e.g., Budhani*, 2021 WL 1104988, at *10 (collecting cases).

6. *Plaintiff's claim for unjust enrichment is duplicative.* Plaintiff's claim for unjust enrichment relies on the same theory and allegations as every other claim in his Complaint, and Plaintiff offers no reason why this claim should stand even when all others fall. The claim should therefore be dismissed as duplicative of his other claims. *See, e.g., Budhani*, 2021 WL 1104988, at *13; *In re Ford Fusion & C-Max Fuel Econ. Litig.*, No. 13-MD-2450 (KMK), 2015 WL 7018369, at *39 (S.D.N.Y. Nov. 12, 2015).

7. *Plaintiff fails to plead fraud with particularity.* Because Plaintiff asserts a claim for fraud, that claim and all others that "sound in fraud"—at a minimum, the claims for negligent misrepresentation and unjust enrichment—are subject to the heightened pleading standards of Rule 9(b). At the very least, the Complaint fails to plead with the requisite particularity any facts giving rise to a "strong inference of scienter," *see Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006), or any omissions of material fact. He therefore fails to state a claim for fraud, and fails to state a claim for negligent misrepresentation or unjust enrichment to the extent those claims are premised on allegations about omissions—as opposed to affirmative misrepresentations—of material fact.

\* \* \*

Plaintiff's complaint should be dismissed in its entirety for the foregoing reasons, which Kingsford will explain in further detail should Plaintiff choose not to dismiss this action voluntarily and either decline or be unable to amend his complaint.

Respectfully,

Teena-Ann V. Sankoorikal

cc: Spencer Sheehan
Sheehan & Associates, P.C.
60 Cutter Mill Road, Suite 409
Great Neck, NY 11021
spencer@spencersheehan.com

James Chung
Law Office of James Chung
43-22 216th Street
Bayside, NY 11361
jchung_77@msn.com